# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 140

In the Interest of O.F., a Child

State of North Dakota,                                    Petitioner and Appellee

v.

D.C., Father,                                            Respondent and Appellant

and

O.F., Child; B.F., Mother,                                            Respondents

## No. 20240136

Appeal from the Juvenile Court of Ward County, North Central Judicial District, the Honorable Kelly A. Dillon, Judicial Referee.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Rozanna C. Larson, State's Attorney, Minot, N.D., for petitioner and appellee; submitted on brief.

Rina Morales-Holmes, Minot, N.D., for respondent and appellant; submitted on brief.

# Interest of O.F.
## No. 20240136

**Tufte, Justice.**

[¶1]     D.C. appeals from a district court order terminating his parental rights. On appeal, he argues the district court abused its discretion by terminating his parental rights because the court clearly erred in finding that O.F. has been in foster care for at least 450 out of the previous 660 nights, that the conditions and causes of the need for protection are likely to continue or will not be remedied, and that the child will suffer serious physical, mental, moral, or emotional harm. We affirm the order terminating parental rights.

I

[¶2]     O.F. was placed into the care of the Ward County Human Service Zone on June 15, 2022, and was adjudicated a child in need of protection on August 9, 2022. O.F. was determined to still be a child in need of protection at the permanency hearing on June 8, 2023, and she was ordered to remain in care until June 8, 2024. The State filed a petition to terminate parental rights on October 2, 2023. The adjudication hearing was held on February 23, 2024. The district court terminated parental rights on April 8, 2024. D.C. appeals.

II

[¶3]     Section 27-20.3-20(1)(c), N.D.C.C., authorizes a juvenile court to terminate parental rights if the child is in need of protection and the court finds:

(1)     The conditions and causes of the need for protection are likely to continue or will not be remedied and for that reason the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm; or

(2)     The child has been in foster care, in the care, custody, and control of the department or human service zone for at least four hundred fifty out of the previous six hundred sixty nights[.]

[¶4]     "A court's decision to terminate an individual's parental rights is a question of fact, and that decision will not be overturned unless it is clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, no evidence exists to support it, or if it is clear a mistake has been made." *In re M.R.*, 2015 ND 233, ¶ 6, 870 N.W.2d 175 (citations omitted). "We review a court's exercise of its discretion to grant or deny a parental-termination petition under the abuse of discretion standard." *Interest of*

*J.C.*, 2024 ND 9, ¶ 22, 2 N.W.3d 228. "A court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law." *Id.* (cleaned up).

### III

[¶5]    D.C. argues the district court's finding that O.F. had been in care for 450 nights out of the previous 660 nights was clearly erroneous because only 618 nights had passed at the time of the hearing since O.F. had been placed into care. He argues N.D.C.C. § 27-20.3-20(1)(c)(2) requires at least 660 nights to pass from the date the child is placed into care.

[¶6]    "The interpretation of a statute is a question of law, which is fully reviewable on appeal." *In re T.H.*, 2012 ND 38, ¶ 22, 812 N.W.2d 373. "In interpreting a statute, we look at the plain language of the statute and give each word its plain and ordinary meaning unless a contrary intention plainly appears." *Id.*; *see also* N.D.C.C. § 1-02-02. If a statute is ambiguous, we may look to extrinsic aids to interpret its meaning. A statute is ambiguous if it is susceptible to different, rational meanings. *T.H.*, at ¶ 22 (cleaned up); *see also* N.D.C.C. § 1-02-39.

[¶7]    Section 27-20.3-20(1)(c)(2), N.D.C.C., reads: "The child has been in foster care, in the care, custody, and control of the department or human service zone for at least four hundred fifty out of the previous six hundred sixty nights[.]" The plain language of the statute requires the child be in care for at least 450 nights. It does not require 660 nights to have passed since placement of the child into care to satisfy the statute. D.C.'s interpretation of the statute is not supported by a plain reading of the statute.

[¶8]    The district court found "[O.F.] has been in foster care a total of 618 continuous nights as of the date of the hearing. The State has satisfied the requirements of [N.D.C.C. § 27-20.3-20(1)(c)(2)]." O.F. was placed into care on June 15, 2023. The record shows, at the time of the hearing, O.F. was placed into care 618 nights previous, and remained continuously in care through the date of the hearing on February 23, 2024. O.F. was in care 618 of the previous 660 nights. The court's finding that the State satisfied N.D.C.C. § 27-20.3-20(1)(c)(2) is supported by the record.

### IV

[¶9]    D.C. argues the district court abused its discretion by terminating his parental rights. He argues the court's finding that the conditions and causes of the need for protection are

likely to continue or will not be remedied and that the child will suffer serious physical, mental, moral, or emotional harm is clearly erroneous. He argues incarceration alone is not a reason to terminate. After review of the record, we conclude the district court's finding that the conditions and causes of the need for protection are likely to continue and that the child is suffering or will probably suffer serious physical, mental, or emotional harm is not clearly erroneous. We further conclude the court's finding that O.F. had been in care for 450 nights out of the previous 660 nights was clearly not erroneous. The district court did not abuse its discretion by terminating parental rights. We summarily affirm the order terminating parental rights under N.D.R.App.P. 35.1(a)(2) and (4).

[¶10]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr